UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                                        Civ. No. 12cv468 JAP/RHS
                                                          Crim. No. 09cr2782 JAP

DANIEL F. MILLS,

      Defendant-Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      THIS MATTER is before the Court on Petitioner Daniel F. Mills' *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct A Sentence By A Person In Federal Custody filed May 2, 2012 (Doc. 1).  The United States ("Government") filed its Answer (Doc. 12) on June 18, 2012 requesting dismissal of Petitioner's Motion.  Petitioner filed his Reply (Doc. 13) on July 9, 2012.  The Court has reviewed the Motion, Response, Reply, other filings by Petitioner and legal authorities, and concludes that Petitioner's Motion should be denied.

## FACTS AND PROCEDURAL HISTORY

      Petitioner was indicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Petitioner was appointed counsel (Cr. Doc. 5) and was represented during the pendency of the criminal proceeding.  Petitioner pled not guilty and the case proceeded to trial.  After a trial on the merits, the jury found him guilty of the violations as charged (Cr. Doc. 99).  The United States Probation and Pretrial Services Office ("Probation Office") published the Presentence Report (PSR) on January 25, 2011.  As a result of his conviction, Petitioner faced a maximum term of imprisonment of ten (10) years (PSR at

23).  The Guideline imprisonment range for the calculated offense level of 28 and criminal history category of III was 97 to 120 months in accordance with United States Sentencing Guidelines ("U.S.S.G.") § 5G1.1.  The Probation Office recommended that Petitioner be granted a downward departure for "extraordinary physical condition combined with his family circumstances pursuant to U.S.S.G. § 5H1.4 and 5H1.6" (PSR at 26).  Petitioner filed his Sentencing Memorandum on February 21, 2011 and argued for a drastically reduced sentence or house arrest given certain medical conditions he is afflicted by (Cr. Doc. 104).  The trial court sentenced Petitioner to 48 months of imprisonment (Cr. Doc. 107), which was substantially less that the Guideline imprisonment range.  On March 16, 2011, Petitioner appealed his conviction (Cr. Doc. 111), claiming that his Fourth Amendment rights were violated by the traffic stop and search of his vehicle leading to the seizure of the firearm and ammunition, which formed the basis of Petitioner's arrest and criminal conviction.  Upon advice of appellate counsel, Petitioner withdrew his appeal on September 13, 2011 (Cr. Doc. 142).

On May 2, 2012, Petitioner filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C.§ 2255, claiming actual innocence and ineffective assistance of counsel (Doc. 1).  The Government filed its Response asserting that Petitioner's claims lack merit and his Motion should be denied and dismissed (Doc. 12).

## RELEVANT CASE LAW

The District Court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

28 U.S.C. § 2255.  Petitioner must demonstrate that a defect in the proceedings resulted in "a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

In his § 2255 motion Petitioner argues that is that he was denied effective assistance of counsel and that he is actually innocent (Doc. 1).  To succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ." and (2) that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance.  Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

In order to satisfy the first Strickland prong, Petitioner must identify "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690.  Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness.  The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally competent assistance."  Id.  There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  Strickland, 466 U.S. at 688. "Conclusory allegations are insufficient to support an ineffective assistance of counsel claim." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

Finding prejudice under the second Strickland prong requires that the Petitioner demonstrate that his attorney's alleged deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  In the context of asserting ineffective assistance of counsel for a plea agreement, Petitioner is required to show that "counsel's deficient performance affected the outcome of the plea process and there is a reasonable probability that but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (*citing* Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002)).

In applying the two-part Strickland test, a court may address the performance and prejudice components in any order. Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (*citing* Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005). The Court need not address both components if the petitioner fails to make sufficient showing of either. Id.

Generally a Defendant cannot use a collateral challenge where an appeal would be the proper procedure to challenge a conviction. U.S. v. Cervini, 379 F.3d 987, 991-2 (10th Cir. 2004) (*citing* United States v. Frady, 456 U.S. 152, 164-5 (1982) ("A Section 2255 motion is not a substitute for an appeal"). "The failure to raise an issue at trial or on direct appeal imposes a procedural bar to habeas relief." Cervini, 379 F.3d at 991 (*citing* United States v. Barajas-Diaz, 313 F.3d 1242, 1245 (10th Cir. 2002). It is well recognized that the incarceration of an innocent person is a grave miscarriage of justice. A Defendant claiming actual innocence must support his allegation of constitutional error with new reliable evidence not presented at trial. Schlup v. Delo, 513 U.S. 298 324 (1995); Silver v. Hargett, 96 F.3d 1453 (10th Cir. 1996).

## ANALYSIS

### I.
### Actual Innocence

Petitioner claims that he is innocent of the federal criminal conviction because his underlying state felony convictions were dismissed (Doc. 1). He also asserts that the traffic stop, which resulted in the discovery of the firearm and ammunition, was conducted in violation of the Fourth Amendment (Doc. 13 at 5). In support of his contentions that he is innocent, Petitioner

introduces a copy of the Judgment, Sentence, and Order Partially Suspending Sentence (Doc. 1 at 17) entered in the Second Judicial District Court, Cause Nos. Cr. 00-2979 and 00-4311. The Judgment consolidates two state criminal proceedings in which Petitioner entered a guilty plea to the following counts: (1) Count I of Cr. 00-2979, a felony; and (2) Count 2 of Cr.00-4311, a felony (Doc 12 at 4-5). The state court suspended a portion of Petitioner's sentence but Petitioner was sentenced to a term of three years imprisonment (Doc. 1 at 19). In consideration for Petitioner's guilty plea, Count II of CR 00-2979 and Count I of Cr 00-4311 were dismissed (Doc. 1 at 21). Petitioner states that certain entities, (1) Bureau of Prisons staff, (2) U.S. Attorney's Office, (3) Petitioner's former attorney, (4) Clerk of Court, and Bureau of Prisons Grand Prairie Office have "received and reviewed said documents" and "recognize the error" (Doc. 4). Petitioner claims that these entities agree that he is "actually innocent of the federal charge and should be released" (Doc. 4). While Petitioner believes the state charges were dismissed in their entirety, he misunderstands that there was only a partial dismissal which was consideration for his guilty plea. Because at least some felony convictions remain on his record, he still has a predicate felony for the "felon in possession" violation of which he was charged and convicted.

     Petitioner's second argument to support his innocence claim arises from his claim that the traffic stop violated his constitutional rights. During the pendency of the federal criminal proceeding, Petitioner was represented by counsel. His counsel filed a Motion to Suppress (Cr. Doc. 73) arguing that any evidence discovered during the traffic stop should be suppressed because there was a violation of the Fourth Amendment. Counsel argued that the police officer involved in the traffic stop lacked reasonable suspicion to stop Petitioner (Cr. Doc. 73). On October 29, 2010, the trial court held an evidentiary hearing on the Motion to Suppress and then

denied the Petitioner's Motion (Cr. Doc. 130). Petitioner's case proceeded to trial and a jury adjudged him guilty of the charges contained in the indictment (Cr. Doc. 99).

Furthermore, Petitioner does not support his allegation of innocence with any reliable evidence to demonstrate to this Court that any constitutional error has been made. Petitioner offers no "new, reliable evidence" that would demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 324. For these reasons, the Court concludes that Petitioner's claim of innocence should be denied.

## II.
## Ineffective Assistance of Counsel Claims

Petitioner claims that he was deprived of effective assistance of counsel during the underlying criminal proceeding and subsequent appeal because (A) he was deceived by counsel to withdraw his appeal, (B) his counsel failed to object to the Presentence Report and failed to allow Petitioner to take advantage of the "acceptance of responsibility" and receive a reduction of the offense level calculation utilized to determine the sentencing recommendation by the United States Probation Office (Doc. 1).

### A. Appellate Counsel's Dismissal of the Appeal Was Not A Result of Deceit

Petitioner claims that he was deceived by his appellate counsel to compel Petitioner to withdraw his appeal (Doc. 1). In his Petition, he contends that appellate counsel informed Petitioner that "[e]vidence obtained by State agents in an unreasonable search and seizure are admissible in a Federal criminal trial" (Doc. 1at 4). Again, Petitioner argues that the traffic stop during which the evidence was discovered and forms basis of the criminal charges occurred in violation of the Fourth Amendment (Doc. 1). He continues to argue that any evidence should have been suppressed. He asserts that because the state court suppressed the same evidence

which was admitted at the federal trial, the appeal would have been successful. The Government disagrees and contends that there is no way to foretell the outcome of the appeal under this fact pattern.  The Court agrees.

The Government demonstrates that the trial court considered Petitioner's Motion to Suppress and held an evidentiary hearing (Doc. 12 at 7).  The trial court made a factual determination that the police officer had a reasonable suspicion to make the traffic stop.  (Cr. Doc. 130).  The trial court specifically determined that the officer relied on two bases to make the stop: (1) suspicion of drug trafficking and (2) the failure to stop at a stop sign (Doc. 130 at 40-42).  The Government also introduces the affidavit of Petitioner's appellate counsel which controverts Petitioner's claim of deception (Doc. 12-1).  Appellate counsel attests that she reviewed the record, researched Fourth Amendment principles and determined that an appellate challenge of the Court's denial of the Motion to Suppress in the underlying criminal proceeding would be unsuccessful (Doc. 12-1).  Appellate counsel further attests that after "lengthy conversations" Petitioner "authorized" her to dismiss the appeal (Doc. 12-1 at 4).  Petitioner offers no evidence that Appellate counsel's advice to dismiss the appeal was not a result of reasonable professional judgment.  The Court concludes that Petitioner's claim that appellate counsel "deprived him of his right to effective counsel under the United States Constitution" should be denied because he does not demonstrate how counsel was deficient in her representation of Petitioner in the appeal.

### B. Trial Counsel's Failure to Object to the Presentence Report Did Not Deprive Petitioner of His Right to Effective Assistance of Counsel

Petitioner further claims that his trial counsel was ineffective because she failed to object to the computations in the PSR at paragraph 20 as well as failing to obtain an adjustment at paragraph 26 for acceptance of responsibility.  Essentially, Petitioner contends that had trial

counsel been effective, his sentence would have been significantly lower.  He argues that he should have been sentenced to between 10 and 18 months imprisonment (Doc. 1 at 5, 7).

Petitioner argues that he is innocent of certain underlying felonies and that his sentence was improperly computed.  He makes conclusory statements that he was sentenced over the proper guideline range (Doc. 1 at 5).  He argues that his base offense level should have been 13 because he should have received an initial offense level of 20 which would be reduced by a 7 level departure (Doc. 1 at 5).  He attempts to support this argument with his baseless innocence claim.  He claims that he was improperly sentenced because the "invalid convictions" were used to increase defendant's base offense level (Doc. 1at 5).  Trial counsel did not object to the PSR, but she did file a Sentencing Memorandum seeking a variance given Petitioner's "family ties, and responsibilities and physical condition" (Cr. Doc. 104).  On May 20, 2011, the trial court conducted the sentencing hearing (Cr. Doc. 126).  The trial court made the following inquiry of Petitioner regarding the PSR:

> THE COURT : Mr . Mills, have you read your Presentence Report?
>
> MR. MILLS   : Yes, sir, I have.
>
> THE COURT : Have you discussed it with your attorney?
>
> MR. MILLS   : Yes, sir, I have.
>
> THE COURT : Are all of the statements of fact in your report true and correct?
>
> MR. MILLS   : Yes, sir.

(Cr. Doc. 126 at 2).

It is undisputed that Petitioner had the opportunity to read the PSR, discuss it with his attorney and object to the information.  Further, Petitioner was given the opportunity by the trial court to dispute the information contained in the PSR but did not.  His attorney represented to the trial

court that there were no disputed facts (Cr. Doc. 126 at 2). Petitioner only argued for a variance because of his medical conditions and because he was awarded sole custody of two minor daughters (Cr. Doc. 104). The trial court considered Petitioner's arguments, the Government's objections, and Probation's recommended downward departure of five levels to a sentencing range of 57 to 71 months (Cr. Doc. 126). The trial court decided to apply a seven-level departure to level 21 taking into account the sentencing guidelines, the factors under 18 U.S.C § 3553(a) and the recommendations of Probation (Cr. Doc. 126 at 16, 18). The trial court determined that an Offense Level of 21 with the Criminal History Category of III results in a guideline imprisonment range of 46 to 57 months. Petitioner was sentenced to 48 months imprisonment (Cr. Doc. 126 at 18) which was less than the initial recommendation of Probation. Petitioner does not demonstrate that trial counsel's alleged failure to object to the offense level computations were "acts or omissions that were not a result of reasonable professional judgment." Strickland, 466 U.S. at 690.

Equally unpersuasive is Petitioner's claim that his trial counsel "failed to allow defendant to take advantage of the acceptance of responsibility" and further reduce the base offense level (Doc. 1 at 6). "[T]he Sentencing Guidelines state, 'This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.' " United States v. Gallegos, 129 F.3d 1140, 1146-47 (10th Cir. 1997) (citing U.S.S.G. § 3E1.1, comment. (n.2)). The Court agrees with the Government, the Petitioner plead "not guilty" to the indictment, (2) chose to go to trial, and (3) put the government to its burden of proof at trial. Based on the record, the Court concludes that Petitioner was not eligible for a downward departure under § 3E1.1. The Court further concludes that Petitioner cannot demonstrate that

trial counsel's failure to seek a downward departure for "acceptance of responsibility" was deficient performance nor was Petitioner prejudiced.  The Court recommends that Petitioner's claims of ineffective assistance of counsel be dismissed.

### III.
### Sufficiency of the Indictment

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.  United States v. Gama-Bastidas, 222 F.3d 779, 785-86 (10th Cir. 2000) (citing United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997)).  An indictment is valid if it conforms to minimal constitutional standards. Id.  "An indictment is generally sufficient to overcome constitutional concerns if it sets forth the words of the statute, as long as the statute itself adequately states the elements of the offense." United States v. Staggs, 881 F.2d 1527, 1530 (10th Cir. 1989).  In addition, the Tenth Circuit routinely finds that indictments should be "construed in favor of validity" when challenges are not timely raised. United States v. Bullock, 914 F.2d 1413, 1414 (10th Cir.1990).  This is especially true where the defendant does not raise his or her challenge until after a verdict or guilty plea. Gama-Bastidas, 222 F.3d at 786. (citing United States v. Fitzgerald, 89 F.3d 218, 221 (5th Cir.1996)).

Petitioner filed an Addendum to Memorandum in Support of 28 U.S.C. § 2255 (Doc. 2) which challenges the sufficiency of the original indictment.  The Government argues that Petitioner did not allege that he did not have sufficient notice of the charges or that the indictment did not set forth all of the required elements (Doc. 12 at 9).  Although Petitioner contends that the indictment did not contain the "elements requirement of the Fifth Amendment and must be dismissed" (Doc. 2) the Court disagrees.  The indictment did set forth the elements of the offense charged and put Petitioner on notice of the charges against him (Cr. Doc. 2).  The

Petitioner merely argues that he "doesn't qualify" as a felon, again asserting that his underlying felony convictions were dismissed. Based on its review of the record, the Court concludes that the indictment was sufficient and recommends that Petitioner's claim should be denied.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2255 motion. Therefore, the Court recommends that Petitioner's motion (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

                                                     */s/ Robert Hayes Scott*
                                                     ROBERT HAYES SCOTT
                                                     UNITED STATES MAGISTRATE JUDGE